UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs<br><br>v.<br><br>DESERT SHORES COMMUNITY ASSOCIATION, et al.,<br><br>Defendants | Case No.: 2:17-cv-01696-APG-NJK<br><br>**Order Granting Motion for Default Judgment**<br><br>[ECF No. 35] |

Plaintiffs Bank of America, N.A. and Federal National Mortgage Association (Fannie Mae) move for default judgment against defendant Richard Cobey. ECF No. 35. Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La*

*Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).  Whether to grant a default judgment lies within my discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The clerk of court entered default against Cobey. ECF No. 29.  Cobey has not appeared in this case.  Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether the plaintiffs will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016).  Because Cobey is not participating in this case, if default judgment is not entered, the plaintiffs will be unable to pursue their claim against him.  This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors examine whether the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8.  The plaintiffs' complaint seeks a declaration that the HOA foreclosure sale did not extinguish the deed of trust because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in the property.  The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without the Federal Housing Finance

Agency's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In addition to the complaint's allegations, the plaintiffs have presented evidence that Fannie Mae owned the note and deed of trust at the time of the HOA foreclosure sale. ECF No. 35-1. Thus, the second and third *Eitel* factors weigh in favor of the entry of a default judgment declaring that the HOA foreclosure sale did not extinguish the deed of trust.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo.*, 238 F. Supp. 2d at 1176. The plaintiffs' request for a declaration that the HOA foreclosure sale did not extinguish the deed of trust is proportional to the effect of the federal foreclosure bar to preserve the deed of trust. The plaintiffs do not seek any monetary relief against Cobey. Thus, the fourth *Eitel* factor is satisfied as to the declaratory relief requested.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. The plaintiffs have presented evidence that the federal foreclosure bar applies and Cobey has failed to respond, so it is unlikely that there are disputed material facts. Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo.*, 238 F. Supp. 2d at 1177. The plaintiffs served Cobey in June 2017. ECF No. 14. The clerk of court entered default against Cobey in October 2019 and he still has not appeared. ECF No. 29. There is no evidence before me that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.

1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which Cobey had notice of this case yet failed to appear, it is unlikely that he failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But Cobey's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

I THEREFORE ORDER that the plaintiffs motion for default judgment against defendant Richard Cobey **(ECF No. 35) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiffs and against defendant Richard Cobey as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on November 22, 2013 did not extinguish Federal National Mortgage Association's interest in the property located at 2933 Cape Verde Lane in Las Vegas, Nevada, and thus the property is subject to the deed of trust.

DATED this 25th day of February, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE